11058. SAVANNAH DRY DOCK & REPAIR COMPANY *v.* TRUMBO.

JENKINS, P. J. Trumbo sued the Savannah Dry Dock & Repair Company, alleging, that the defendant was engaged in the construction of a dry dock at a shipbuilding plant in Chatham county; that petitioner was employed by the defendant as a carpenter, and was assigned to the work of nailing boards on the bottom of a pontoon of the dry dock; that the pontoon rested upon wooden ways, and was about six feet above the ground on the side farthest from the river, and three feet above the ground on the nearer side; that a board he had nailed on the bottom of the pontoon extended beyond the side of the pontoon about two feet; that after he had nailed on the board extending about two feet beyond the side of the pontoon, and as he was in the act of leaning over to pick up another board, the workmen on the outside, engaged in tearing down a scaffolding alongside the pontoon, caused the scaffolding to fall on the two feet of board extending beyond the pontoon, and this knocked the board from its fastenings, and the board thus loosened hit the petitioner on the back, causing the injuries complained of; that he was unable to see or hear the work going on outside; that the foreman in charge of the removal of the scaffold was an alter ego of the defendant, "his duties being to see that the scaffolding was torn down and that the ways were properly fixed for launching;" that such vice-principal, "then and there in charge of the work of taking down the scaffolding, did not take down the scaffolding and remove the same in a safe and proper manner, and instead of removing said scaffolding piece by piece, or in some other safe and proper manner, which the defendant company could have followed, hooked a derrick to the said scaffolding and pulled the same down bodily, without regard to the rights of employees working thereabouts and without regard to the safety of petitioner or other employees who might suffer injury therefrom; and petitioner charges that in thus hooking the derrick to the said scaffolding and pulling the same down, the defendant company was guilty of negligence." The judge overruled the demurrer to the petition as amended, and to this ruling exception is taken. *Held,* that it cannot

be decided, as a matter of law, that, under the allegations made by the amended petition, the foreman in charge of the work of removing the scaffold was not the alter ego of the defendant; but it was a question for the jury to determine whether or not, in giving the order as to *how* the work was to be done, he occupied the position of vice-principal in the exercise of a non-delegable duty, as alleged by the petition. *McDuffie* v. *Ocean Steamship Co.*, 5 *Ga. App.* 125 (62 S. E. 1008); *Moore* v. *Dublin Cotton Mills*, 127 *Ga.* 609, 625 (56 S. E. 839, 10 L. R. A. (N. S.) (772). The court, therefore, did not err in refusing to dismiss the petition on demurrer.

*Judgment affirmed.   Stephens and Smith, JJ., concur.*

DECIDED MAY 5, 1920.

(Certiorari was granted by the Supreme Court.)

Action for damages; from city court of Savannah — Judge Freeman.   October 13, 1919.

*David S. Atkinson,* for plaintiff in error.   *Oliver & Oliver,* contra.